IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>   v.<br><br>PABLO CRUZ,<br><br>Defendant. | CRIMINAL NO. 08-165 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Pablo Cruz was charged in a seven (7) counts Indictment and he agreed to plead guilty to Count One. Count One charges that, from on or about October 2005 until on or about December of 2006, in the Commonwealth of Puerto Rico and within the jurisdiction of this Honorable Court, the defendant herein, together with A.V., a person known to the Grand Jury, did willfully and knowingly attempt and conspire, combine, confederate and agree with each other and others known and unknown to the Grand Jury, to commit mail fraud, in violation of Title 18, United States Code, Section 1341, that is, having devised and intending to devise a scheme and artifice to defraud internet customers and to obtain money by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting to do so, causing to be delivered by mail any such matter or thing. All in violation of Title 21, United States Code, Sections 1341 and 1349.

Defendant appeared before this Magistrate Judge on October 24, 2008, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he agreed upon voluntarily after examination in open court, under oath.

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 2

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that:  he had consulted with his counsel Carlos M. Calderón-Garnier, prior to the hearing, that he was satisfied with the services provided by his legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the entering of the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and the charge therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon entering a plea of guilty to the charge specified in the Indictment, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore,

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 3

he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Calderón-Garnier, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 4

One is a term of imprisonment of not more than twenty (20) years, a fine not to exceed two hundred fifty thousand ($250,000.00) dollars and a term of supervised release of not more than three (3) years. In addition, a special monetary assessment of one hundred ($100.00) dollars, per count, will be imposed.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(C) FRCP" ("the Agreement") and "Plea Agreement Supplement" were shown to defendant, verifying his signature and initials on every page.

As stated in paragraph five (5) of the Agreement, the defendant is aware that under Rule 11(c)(1)(C) of the FRCP, the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report. If the Court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated in the plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that should the court reject the plea agreement, the United States reserves its right to withdraw from its obligations under the same

The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 5

Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is Seven (7). Pursuant to U.S.G.G. § 2B1.1(b)(1)(D), an increase of six (6) levels is agreed for more than thirty thousand ($30,000.00) dollars. Pursuant to U.S.G.G. §2B1.1(b)(12), an increase of two (2) levels is agreed for risk of death. Pursuant to U.S.G.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility. Accordingly, the Total Offense Level is Thirteen (13), yielding and imprisonment range of twelve (12) to eighteen (18) months assuming a Criminal History Category of I.

As stated at paragraph number eight (8), if at the time of sentencing hearing the defendant possesses a Criminal History Category of One, the United States will recommend a guideline sentence of Twelve (12) months and One (1) day of imprisonment. Should the defendant not fall within the Criminal History Category of One, the United States will recommend a sentence at the lower end of the guidelines in the applicable category. This sentencing recommendation is made pursuant to Rule 11(c)(1)(C) of the FRCP.

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

Defendant was advised that pursuant to paragraph Ten (10) of the Agreement, the parties make no stipulation as to defendant's Criminal History Category.

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 6


At sentencing, the United States agrees to request the dismissal of the remaining counts with the exception of the forfeiture count found in Count Seven (7), pursuant to Rule 11(c)(1)(A) of the Federal rules of Criminal Procedure.

As stated in paragraph twelve (12) of the Agreement, the forfeiture provisions, the defendant, in exchange for the terms and sentence recommendation included in the Agreement, agrees further as follows:

    a. To surrender and forfeit to the United States and to relinquish all rights, title and interest the defendant may have in the Drug Enforcement Administration license number BC8449793 and ASSMCA license number DM 13967-5. These licenses facilitated the commission of mail fraud. Thus, these licenses shall be forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(2).

    b. To surrender and forfeit to the United States and to relinquish all rights, title and interest defendant may have in THE SUM OF SIXTY-SEVEN THOUSAND TWO HUNDRED SEVENTY DOLLARS ($67,270.00). The sum represents the amount of money the defendant received as a result of the illegal distribution of controlled substances. Thus, this money shall be forfeited to the United States pursuant to title 18, United States Code, Section 982(a)(2).

    c. In agreeing to the forfeiture stated above, defendant acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

    d. Defendant understands that upon the signature of this Plea Agreement all rights and interests in the property described subparagraphs (a) and (b) above shall be vested in

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 7

the United States and defendant will have waived any judicial or administrative claims that defendant may have regarding the forfeiture of said property, including any claim of double jeopardy. The defendant agrees to sign any additional documents that defendant may be required to sign in order to complete the forfeiture proceedings regarding the forfeiture of the above-described property before sentencing.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government Version of Facts", which he did not sign, but accepted orally there is a basis in fact for which the government could have established all elements of the offense charged in Count One at trial with the available evidence. To this effect, defense counsel explained that his client refused to sign the "Government Version of Facts" because he disagreed with some of the information contained therein.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Count One of the Indictment was read to defendant in open court and he stated he understood the charges and acknowledge he was pleading guilty to Count One of the Indictment. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Indictment was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 08–165 (ADC).

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph nineteen (19) a waiver of appeal. Defendant acknowledge having discussed with this counsel the waiver of appeal and understanding its consequences.

United States of America v. Pablo Cruz
Criminal No. 08-165(ADC)
Report and Recommendation
Page 9

     This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 08-165 (ADC).

**IT IS SO RECOMMENDED.**

     The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

     San Juan, Puerto Rico, this 28th day of October of 2008.

                                  s/ CAMILLE L. VELEZ-RIVE
                                  CAMILLE L. VELEZ-RIVE
                                  UNITED STATES MAGISTRATE JUDGE